IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15CR445 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| TAMELA LEE, | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| Defendant. | ) | |

Ms. Lee is 58 years old. She has no prior criminal convictions or arrests.

She was convicted of bribery-related offenses following a jury trial. The Presentence Report calculates an advisory guideline imprisonment range of 78 to 97 months, which we believe is inaccurate. We have submitted separately Defendant's Objections to Guidelines Calculation, *see* Dkt. No. 144, which sets forth why we believe the correct guideline calculation is 41 to 51 months.

The Presentence Report also identifies grounds for variance from the guideline range, pursuant to §3553(a), based on the nature and circumstances of the offense and Ms. Lee's history and personal characteristics. *See* PSR ¶ 114. We believe variance is appropriate, for the reasons set forth in the Presentence Report and below:

Ms. Lee's father was a factory worker and chauffeur. Her mother was a nurse. They separated when she was 5 years old. She has five siblings.

She graduated from college in 1981 with a B.A. in sociology and public health. She worked at the VA Medical Center and Canton Community Clinic, as Assistant Director. She obtained her MBA in healthcare administration from Cleveland State University in 1998 and worked as a manager at Mercy Medical Center.

1

In 2001, she married Tamni Mulaiki, her second husband, who was from Yemen. Mr. Mulaiki owned a grocery store. Through him, she met other grocery store owners, including her co-defendants in this case, who were her husband's friends and business associates. During the marriage, Mr. Mulaiki brought children of his from Yemen (from his prior marriage) and helped them open grocery stores. Also during the marriage, Ms. Lee stopped working to care for her ailing father and grandmother, who had severe health problems.

In 2013, Mr. Mulaiki returned to Yemen. He left Ms. Lee without financial support. Ms. Lee had no money, could not pay bills, and frequently overdrew her bank account. Ms Lee went to her husband's friend, co-defendant Omar Abdelqader, for help. Mr. Abdelqader, who told Ms. Lee that he was angry that her husband had left her without support, gave her money and small merchandise from his grocery store. Eventually, Ms. Lee did things that Mr. Abdelqader requested, such as writing a letter to the IRS on behalf of one of his relatives and contacting a judge and prosecutor on behalf of other relatives.

Ms. Lee last saw her husband on Thanksgiving of 2015. She does not know where he is. He has changed his phone number. He has "unfriended" her on Facebook. Her financial situation has deteriorated further. The family home, in which she lives with her daughter from her first marriage, is being foreclosed upon.

Before all this, Ms. Lee had a long history as a law-abiding citizen and dedicated public servant, during which time she earned the respect and admiration of many. People who know her best and longest have written letters describing why they think so highly of her. We attach but a few:

Gary Lee, Ms. Lee's younger brother, describes her as his "role model" and "life's hero[,]" who caused him to be "a better human being[.]" He describes Ms. Lee's volunteer work

at local hospitals and soup kitchens and her commitment to helping others, including by caring for their dying father and grandmother. "She tirelessly worked through sacrifice and pain to improve humanity as a whole, in ways that made vast differences in their lives and the lives of their families." (Letter of G. Lee, attached as Ex. A.)

Jean Mankamyer has known Ms. Lee for over 10 years and served as her campaign treasurer when she ran for the Ohio Senate. She too describes how "[h]elping people has always been her focus," including when she served on Summit County Council:

> As an example, I refer to the aftermath of a major rain storm we had during that year which had destroyed roads, bridges, driveways and homes, in general, due to storm sewer backup and flooding. Tamela's phone was continually busy during that time. Her friends and family had difficulty reaching her because she was taking phone calls from her constituents around the clock, as well as making calls to federal, state and county agencies, interfacing with insurance companies and lawyers and writing letters on behalf of her constituents. In addition, she introduced and helped pass a bill in County Council to facilitate helping citizens who experience such disasters. As she said, the homes of many of her constituents were the only real assets they had and she felt it was her responsibility as a public servant to do whatever she could to help.

(Letter of J. Mankamyer, attached as Ex. B.)

Stephanie York, who served for 23 years as Assistant Law Director for the City of Akron, describes how Ms. Lee helped Ms. York personally, out of kindness and a desire to help others succeed. Having worked with Ms. Lee for many years, she believes she "always put her constituent's welfare first" and asks the Court to "consider Tamela's good history of public service and great work on behalf of her constituents and the Akron community when deciding her fate." (Letter of S. York, attached as Ex. C.)

Bishop Joey Johnson and Reverend Dr. Diana Swoope speak of Ms. Lee's efforts to help her community, such as her leadership in EMS, an effort by clergy and community leaders that Ms. Lee founded to increase graduation rates in Akron schools. Rev. Swoope writes: "Her heart for people and love for this community was evident . . . . She saw the opportunity to serve her

community as a true life calling and that was apparent in her actions." (Letter of D. Swoope, attached as Ex. D.) And Bishop Johnson Writes: "She has fought for common people, for hurting people, for underprivileged people, for all people." (Letter of J. Johnson, attached as Ex. E.)

In her 58 years, Ms. Lee has made serious mistakes but also has done much good. She has done this while battling anxiety and depression. She has helped others, although in need of help herself. We submit that, as the Presentence Report suggests, a variance is appropriate. And we ask the Court to be merciful.

Respectfully submitted,

/s/ Philip S. Kushner
Philip S. Kushner (0043858)
Christian J. Grostic (0084734)
Kushner, Hamed & Grostic Co., LPA
1375 East Ninth Street, Suite 1930
Cleveland, Ohio 44114
(216) 696-6700
Facsimile: (216) 696-6772
pkushner@kushnerhamed.com
cgrostic@kushnerhamed.com

*Attorneys for Defendant Tamela Lee*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant's Sentencing Memorandum* was filed electronically this 27th day of July, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Philip S. Kushner
*Attorney for Tamela Lee*